**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTY ROSS, | Civil Action No. 17-3135 (PGS) |
| Petitioner, | |
| v. | OPINION |
| STEVEN JOHNSON, et al., | |
| Respondents. | |

**SHERIDAN, District Judge:**

Petitioner Marty Ross, confined at New Jersey State Prison in Trenton, New Jersey, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State of New Jersey for drug, sexual assault, and related crimes. At this time, the Court must screen for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. For the reasons stated below, the Court dismisses the Petition as time-barred.

I.   FACTUAL BACKGROUND

According to the Petition, Petitioner was originally convicted on December 13, 2006. ECF No. 1 at 1. On appeal, the matter was remanded for resentencing, and resentencing occurred on December 23, 2009. *Id.* at 2. The new sentence was ultimately affirmed after the New Jersey Supreme Court denied certification on January 30, 2012. *Id.*

Petitioner asserts that he filed three separate applications for post-conviction relief ("PCR") in the state court. The first PCR application was filed while his direct appeal was still pending, and Petitioner voluntarily withdrew that application. *Id.* at 3. The second application was filed on

March 21, 2012, and according to him, it was dismissed for his failure to "amend his petition." *Id.* The third application was filed on May 29, 2013, denied by the trial court on July 11, 2014, and affirmed by the appellate court on March 14, 2017. *Id.* at 4-5.

The Court's research has unearthed the appellate court opinion affirming the PCR denial, *State v. Ross*, Indictment No. 05-10-2303, 2016 WL 7241468 (N.J. Sup. Ct. App. Div. Dec. 15, 2016) ("*Ross I*"). The dates recited in the Petition largely match those recounted by the appellate court, with the exception that PCR denial was affirmed on December 15, 2016. The March 14, 2017 date was likely meant to be the date certification was denied by the New Jersey Supreme Court, which actually occurred on March 16, 2017. *State v. Ross*, No. A-003992-14, 2017 WL 1135993 (N.J. Mar. 16, 2017). The appellate court also noted that the second PCR application was dismissed on November 15, 2012. *Ross I*, at *2 n.3. The instant Petition was filed on May 4, 2017.

## II.   DISCUSSION

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1,

2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state PCR review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a PCR denial. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). When a state court has determined that a PCR application was not timely filed, statutory tolling is not permitted under AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under [AEDPA]"); *Allen v. Siebert*, 552 U.S. 3, 5 (2007) ("[A] state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)").

Here, construing the Petition most favorable to Petitioner, his AEDPA one-year limitations period began to run when his second PCR application was dismissed on November 15, 2012.[1] Since the instant Petition was not filed until May 4, 2017, the timeliness of the Petition hinges on whether statutory tolling was warranted for the duration of his third PCR application. However, as indicated by the appellate court, the third PCR application was found to be untimely by the trial

---

[1] The second PCR application was filed before Petitioner's judgment became final, so for the purposes of this Opinion, the Court presumes that the one-year limitations period was tolled while the second PCR application was pending.

3

court, whose finding was affirmed by the appellate court. *Ross I*, at *2. Although the state court also reached the merits of the third PCR application, because the state court explicitly found that the third PCR application was untimely, "*that would be the end of the matter*, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Pace*, 544 U.S. at 414 (quoting *Carey v. Stafford*, 536 U.S. 214, 226 (2002)) (emphasis in the original); *see Jenkins*, 705 F.3d at 85. As such, Petitioner's third PCR application was not "properly filed," so he is not entitled to statutory tolling for the duration of his third PCR application, rendering the instant Petition untimely under AEDPA. Accordingly, the Court dismisses the Petition as time-barred.

The Court also denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.   CONCLUSION

For the reasons set forth above, the Petition is DISMISSED as time-barred, and the Court denies a certificate of appealability.

Date:                                                              *Peter M. Sheridan* (signature)
                                                                        **Peter G. Sheridan, U.S.D.J.**