NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTY ROSS, <br><br> Petitioner, <br><br> v. <br><br> STEVEN JOHNSON, et al., <br><br> Respondents. | Civil Action No. 17-3135 (PGS) <br><br> **MEMORANDUM OPINION** |

**SHERIDAN, District Judge:**

Petitioner Marty Ross, confined at New Jersey State Prison in Trenton, New Jersey, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State of New Jersey for drug, sexual assault, and related crimes. Upon screening, the Court dismissed the Petition as untimely. ECF No. 4. Presently before the Court is Petitioner's motion for reconsideration. ECF No. 5. For reasons stated below, the motion is denied.[1]

The Court's timeliness ruling hinged entirely on the finding that Petitioner was not entitled to statutory tolling during the pendency of his third state post-conviction relief ("PCR") application, because the state court found that it was untimely filed. Without statutory tolling for the third PCR application, the Petition was untimely, because the period between the conclusion of the second PCR application, on November 15, 2012, and the filing of the instant Petition, on

---

[1] Petitioner filed an appeal of the Court's dismissal after his motion for reconsideration. ECF No. 6. The Court has jurisdiction to entertain the motion for reconsideration if it denies the motion. *See* Fed. R. Civ. P. 62.1(a).

May 4, 2017, exceeded the one-year limitations period under federal law. Citing to *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), the Court found that "[b]ecause the state court rejected petitioner's [third] PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling[.]" ECF No. 3 at 3.

In his motion for reconsideration, it is difficult to discern what argument Petitioner makes to challenge the Court's ruling. It appears Petitioner simply makes random claims and cites to random case law in the hopes that one of them will stick. Petitioner first claims that he was indeed entitled to statutory tolling, and "[i]f the Court is in doubt or has additional concerns it is respectfully requested that an evidentiary hearing be held." ECF No. 5 at 2. Petitioner, however, cites to no authority for his claim, and it is unclear how an evidentiary hearing would be helpful to the issue of timeliness.

Petitioner then claims that his second PCR application was filed on March 20, 2012, "and was appealed to the highest State Court." *Id.* at 3. This completely contradicts his own assertions in the Petition, whereby he stated that his second PCR application "was dismissed by the Court due to defendant's failure to 'amend [his] petition.'" ECF No. 1 at 3. As the Court found, Petitioner's assertions in the Petition were corroborated by the state appellate court. *See* ECF No. 3 at 2. As such, Petitioner seems to be making up facts in his motion for reconsideration.[2]

Petitioner goes on to state that equitable tolling may be appropriate in this matter, but provides not a single factual allegation to show why equitable tolling is warranted. To the extent Petitioner asserts that equitable tolling is warranted because he was ignorant of the law, that is not

---

[2] To the extent that Petitioner argues his third PCR application was a continuation of his second PCR application and therefore should be considered as one application, that argument does not save Petitioner because under that rationale, it was Petitioner's second PCR application that was found to be untimely by the state court, so Petitioner's federal limitations period would have started running even earlier.

2

a valid ground for equitable tolling. *See Phillips v. Nogan*, No. 14-4933, 2015 WL 2090247, at *4 (D.N.J. May 4, 2015); *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[L]ack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Petitioner also asserts that he "has exercised reasonable diligence in attempting to file and pursue his conviction [sic], and in so doing has complied with the timelines." ECF No. 5 at 5. As the Court found previously, this is contradicted by the record, because his third PCR application was found to be untimely by the state court. ECF No. 3 at 3-4. Accordingly, Petitioner raises no valid argument for the Court to reconsider its dismissal of the Petition, and the motion for reconsideration is denied.

Date: 11/7/17

Peter G. Sheridan, U.S.D.J.