**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTY ROSS, | : |
| Petitioner, | : Civ. No. 17-3135 (PGS) |
| v. | : |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : **MEMORANDUM** |
| Respondents. | : |

### PETER G. SHERIDAN, U.S.D.J.

This matter comes before the Court on a mandate from the United States Court of Appeals for the Third Circuit that remanded Marty Ross' petition for writ of habeas corpus for consideration of whether equitable tolling should apply. (ECF No. 15). *See also Ross v. Administrator New Jersey State Prison*, No. 17-3671 (3d Cir. Sept. 11, 2018). Petitioner submitted arguments in favor of the application of equitable tolling on November 26, 2018. (ECF No. 17). Having reviewed Petitioner's arguments in support of equitable tolling, the Court will dismiss the petition with prejudice as untimely and deny a certificate of appealability.

### I.

Petitioner was convicted of first-degree kidnapping, N.J.S.A. 2C:13–1(b); two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39–5(d); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(d); third-degree terroristic threats, N.J.S.A. 2C:12–3(b); third-degree criminal restraint, N.J.S.A. 2C:13–2(a); two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14–2(a)(3)–(4); second-degree sexual assault,

N.J.S.A. 2C:14–2(c)(1); third-degree possession of cocaine, N.J.S.A. 2C:35–10(a)(1); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35–5(b)(3); and third-degree distribution of cocaine, N.J.S.A. 2C:35–5(b)(3). The New Jersey Superior Court, Appellate Division affirmed Petitioner's convictions except for the first-degree kidnapping charge and remanded for resentencing on second-degree kidnapping. (ECF No. 1 at 2). Petitioner was resentenced on December 23, 2009. (*Id.*). The Appellate Division affirmed the new sentence on its excessive sentencing calendar, and the New Jersey Supreme Court denied certification on January 30, 2012. (*Id.*). *See also State v. Ross*, 36 A.3d 1063 (N.J. 2012).

Petitioner asserts that he filed three separate applications for post-conviction relief ("PCR") in the state court. The first PCR application was filed while his direct appeal was still pending, and Petitioner voluntarily withdrew that application. (ECF No. 1 at 3). It was officially dismissed by the PCR court on November 29, 2010. (*Id.*). The second application was filed on March 21, 2012, and according to him, it was dismissed for his failure to "amend his petition." (*Id.*). According to Petitioner, the third application was filed on May 29, 2013, denied by the trial court on July 11, 2014, and affirmed by the appellate court on March 14, 2017. (*Id.* at 4-5).[1]

Petitioner filed this petition under 28 U.S.C. § 2254 on May 4, 2017. On July 24, 2017, the Court dismissed the petition as time-barred. (ECF No. 4). Petitioner filed a motion for reconsideration, which the Court denied on August 3, 2017. (ECF Nos. 5, 9). Petitioner appealed. (ECF No. 11).

On September 11, 2018, the Third Circuit issued a mandate remanding this matter back to the Court in order to give Petitioner an opportunity to put forth arguments in favor of equitable

---

[1] A Westlaw search indicates the Appellate Division affirmed the dismissal of the third petition on December 15, 2016. *State v. Ross*, No. A-3992-14, 2016 WL 7241468 (N.J. Super. Ct. App. Div. Dec. 15, 2016). The New Jersey Supreme Court denied certification on March 14, 2017. *State v. Ross*, 164 A.3d 389 (N.J. 2017).

2

tolling. (ECF No. 15). The Court reopened the case and directed Petitioner to file his arguments. (ECF No. 16). Petitioner has now done so, (ECF No. 17), and the matter is now ripe for disposition.

## II.

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## III.

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2).

In its prior opinion, the Court noted that "construing the Petition most favorable to Petitioner, his AEDPA one-year limitations period began to run when his second PCR application was dismissed on November 15, 2012." (ECF No. 3 at 3 (footnote omitted)). It concluded that statutory tolling under § 2244 was not warranted for the PCR petition filed on May 29, 2013 because the state courts dismissed that petition as untimely. (*Id.* at 3-4 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005))). Pursuant to the Third Circuit's mandate, the Court now considers whether Petitioner has shown equitable tolling is warranted in his case.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, . . . but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v.*

*Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

Petitioner argues that the Court should apply equitable tolling because "any error in the [PCR] filing process was due to assigned counsel not following the trial court directive to amend the petition." (ECF No. 17 at 4). He states that his first PCR petition was voluntarily withdrawn due to New Jersey court rules not permitting direct appeals and PCR petitions to be pending at the same time. (*Id.* at 4, 11). The second PCR petition was dismissed and "[t]he trial court advised petitioner that the petition was deficient, and was ordered to correct the deficiencies." (*Id.* at 4). "The petition had to be re-filed because assigned counsel failed to timely correct the deficiencies. Petitioner should be granted equitable tolling since the trial court allowed the deficiencies to be corrected and accepted the petition as timely filed." (*Id.* at 5).

Petitioner has not demonstrated that he is entitled to equitable tolling for the period between November 15, 2012 and May 4, 2017. Attorney misconduct can form the basis for equitable tolling in "egregious" and "extraordinary" circumstances, but the Supreme Court has held that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Fla.*, 560 U.S. 631, 651–52 (2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007)). Petitioner provided the Court with several letters from his PCR counsel, but nothing in those letters reflect neglect or misconduct. Rather, they indicate counsel was attentive to Petitioner's case and communicated with him on a regular basis. (ECF No. 17 at 15-20). There is no support for Petitioner's contention that his PCR counsel ignored court orders. Even if there were attorney error, which again is not supported by the materials provided, it would be of the "garden variety neglect" sort that the Supreme Court

has specifically stated does not warrant equitable tolling. Moreover, contrary to Petitioner's argument, the state court did not accept the May 2013 PCR petition as timely filed as it was dismissed as untimely. *See State v. Ross*, No. A-3992-14, 2016 WL 7241468, at *2 (N.J. Super. Ct. App. Div. Dec. 15, 2016). The Court therefore denies equitable tolling and will dismiss the petition as untimely.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

### IV.

For the reasons stated above, the habeas petition is dismissed as untimely. A certificate of appealability shall not issue.

An appropriate order follows.

DATED: July 1, 2019

PETER G. SHERIDAN  
United States District Judge