**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

MARTY ROSS,                          :
                                     :
            Petitioner,              :         Civ. No. 17-3135 (PGS)
                                     :
      v.                             :
                                     :
STEPHEN JOHNSON, et al.              :         **OPINION**
                                     :
            Respondents.             :
_____:

## PETER G. SHERIDAN, U.S.D.J.

### I.  INTRODUCTION

Petitioner Marty Ross ("Petitioner") is a state prisoner confined at New Jersey State Prison, in Rahway, New Jersey. He is proceeding *pro se* with the instant petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1). The Court has reviewed the relevant records and the parties' submissions. As explained more fully below, the Court finds that the Petition is mixed—i.e., it contains both exhausted and unexhausted claims. Because the Court may not adjudicate such a petition, the Court will permit Petitioner to elect between (i) withdrawing his unexhausted claim and have the Court rule on his remaining claims; or (ii) requesting a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claim.

## II. BACKGROUND

On December 13, 2006, following a jury trial, Petitioner was convicted of first-degree kidnapping, N.J.S.A. § 2C:13–1(b); two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. § 2C:39–5(d); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. § 2C:39–4(d); third-degree terroristic threats, N.J.S.A. § 2C:12–3(b); third-degree criminal restraint, N.J.S.A. § 2C:13–2(a); two counts of first-degree aggravated sexual assault, N.J.S.A. § 2C:14–2(a)(3)–(4); second-degree sexual assault, N.J.S.A. § 2C:14–2(c)(1); third-degree possession of cocaine, N.J.S.A. § 2C:35–10(a)(1); third-degree possession of cocaine with intent to distribute, N.J.S.A. § 2C:35–5(b)(3); and third-degree distribution of cocaine, N.J.S.A. 2C:35–5(b)(3). (*See* ECF No. 29-31, *State v. Ross,* No. A-3992-14T3, 2016 WL 7241468 at * 1 (N.J. App. Div. December 15, 2016).)

At sentencing, the court granted the State's motion to sentence defendant as a persistent offender pursuant to N.J.S.A. § 2C:44–3(a). After appropriate merger of certain counts, the court imposed an aggregate sentence of seventy years, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act ("NERA"), N.J.S.A. § 2C:43–7.2. (*See id.*)

Petitioner filed a Notice of Appeal with the Appellate Division. (ECF No. 29-12.) Petitioner argued:

POINT I

(1) THE INDICTMENT WAS DEFECTIVE BECAUSE IT OMITTED THE THREE ELEMENTS THAT RAISE KIDNAPPING FROM A SECOND TO A FIRST DEGREE CRIME. THE TRIAL COURT'S CHARGE TO THE JURY ON FIRST DEGREE KIDNAPPING WAS DEFECTIVE BECAUSE IT OMITTED THE CULPABILITY REQUIREMENT AS REQUIRED BY THIS COURT'S DECISION IN *STATE V. SHERMAN*, 367 N.J.Super. 324, 842 A.2d 859 (App.Div.) CERTIF. DENIED, 180 N.J. 356, 851 A.2d 650 (2004) DUE TO THE TWO ERRORS. THE PROPER REMEDY IS TO VACATE THE KIDNAPPING CONVICTION AND DISMISS COUNT ONE OF THE INDICTMENT.

(2) IN LIGHT OF THE FACT THAT THE COMPLAINANT IMMEDIATELY DIVULGED THAT SHE HAD BEEN SEXUALLY ASSAULTED, THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE PROSECUTOR TO INTRODUCE MULTIPLE INSTANCES OF "FRESH COMPLAINT" EVIDENCE. MOREOVER, THE LIMITING INSTRUCTION WAS INADEQUATE.

(3) PERMITTING THE COMPLAINANT TO TESTIFY IN NARRATIVE FORM DURING HER DIRECT EXAMINATION WAS AN ABUSE OF THE COURT'S DISCRETION WHICH GREATLY PREJUDICED THE DEFENDANT AND DENIED HIM A FAIR TRIAL.

(4) DEFENDANT'S SENTENCE IS MANIFESTLY EXCESSIVE.

(*Id.* at 2-3.)

On July 10, 2009, the Appellate Division denied Petitioner's second and third ground for relief, but granted on Petitioner's first ground cited above. (*See* ECF No. 29-14, *State v. Ross*, No. A-4762-06T4, WL 1974536 (N.J. App. Div. July 10, 2009).) The Appellate Division explained "[a]t the parties' request, we molded the verdict to the lesser included offense of second-degree kidnapping to reflect the evidence presented and the court's instructions to the jury. [The court] vacated the

sentence and remanded for the trial court to amend the judgment of conviction to reflect the molded verdict and resentence [Petitioner] accordingly." (ECF No. 29-31, *Ross,* No. A-3992-14T3, 2016 WL 7241468 at * 1.) On December 23, 2009, [Petitioner] was resentenced to an aggregate sentence of seventy years, with an eighty-five percent period of parole ineligibility pursuant to NERA. Petitioner appealed his sentence the Superior Court of New Jersey, Appellate Division. (ECF No. 29-20.) The Appellate Division heard the appeal on its Excessive Sentence Oral Argument Calendar pursuant to Rule 2:9–11 and, on June 28, 2011, affirmed his sentence. (ECF No. 29-20, *State v. Ross*, No. A–6257–09 (App. Div. June 28, 2011).) On February 2, 2012, the Supreme Court denied his petition for certification. (ECF No. 29-21, *State v. Ross*, 209 N.J. 231 (2012).)

Petitioner also filed a separate petition for certification with the New Jersey Supreme Court, challenging the Appellate Division's ruling denying the above cited claims two and three on direct appeal. (ECF No. 29-15.) On November 20, 2009, the Supreme Court summarily denied Petitioner's petition for certification. (ECF No. 29-17, *State v. Ross*, 200 N.J. 505 (2009).)

Petitioner filed a post-conviction relief ("PCR") petition raising claims of ineffective assistance of counsel. (ECF Nos. 29-22, 29-23.) On July 11, 2014, the PCR court denied Petitioner's PCR petition. (ECF Nos. 29-25, 29-26.) Petitioner filed a Notice of Appeal before the Superior Court, Appellate Division, which the

Appellate Division denied on December 15, 2016. (ECF No. 29-31, *Ross,* No. A-3992-14T3, 2016 WL 7241468.) On March 16, 2017, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 29-34, *State v. Ross*, 229 N.J. 585, 229 A.3d 585 (2017).)

On January 19, 2021, Petitioner filed his instant amended habeas petition with this Court. (ECF No. 38.) Petitioner raises eleven claims for habeas relief. (See *id.*) Relevant here, Petitioner's first claim argues:

> THE INDICTMENT WAS DEFECTIVE BECAUSE IT OMITTED THE THREE ELEMENTS THAT RAISE KIDNAPPING FROM A SECOND TO A FIRST DEGREE CRIME. THE TRIAL COURT'S CHARGE TO THE JURY ON FIRST DEGREE KIDNAPPING WAS DEFECTIVE BECAUSE IT OMITTED THE CULPABILITY REQUIREMENT AS REQUIRED BY THIS COURT'S DECISION IN STATE V. SHERMAN, 367 N.J. Super. 324 (App. Div.), certif. den. 180 N.J. 356 (2004) DUE TO TWO ERRORS THE PROPER REMEDY IS TO VACATE THE KIDNAPPING CONVICTION AND DISMISS COUNT ONE OF THE INDICTMENT

(*Id.* at 6.) Respondents filed an answer asserting Petitioner's first claim is unexhausted. (ECF No. 22.)

## III.  LEGAL STANDARD

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is

excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)); *see also Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised

6

in the petition to all three levels of the New Jersey courts: the Law Division, the Appellate Division, and the New Jersey Supreme Court.  *See O'Sullivan*, 526 U.S. 838; *Rose v. Lundy*, 455 U.S. 509 (1982).

## IV. ANALYSIS

Here, Respondents argue, and it appear from the record submitted by Respondents, that Petitioner did not raise ground one in his amended habeas petition to every level of the state court. The exhaustion doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan*, 526 U.S. 838; *Lundy*, 455 U.S. 509.

In ground one of his amended petition, Petitioner argues that the indictment was defective because it omitted the three elements that raise kidnapping from a second to a first-degree crime. The trial court's charge to the jury on first degree kidnapping was defective because it omitted the culpability requirement. (ECF No. 38 at 6.) Petitioner argues that the proper remedy was to vacate the kidnapping conviction and dismiss count one of the indictment. (*Id.*)

As explained above, Petitioner raised the instant ground one on direct appeal to the New Jersey Superior Court, Appellate Division. (ECF No. 29-12 at 2.) The Appellate Division granted Petitioner's appeal as to that ground for relief, molded

the verdict to the lesser included offense of second-degree kidnapping to reflect the evidence presented and the court's instructions to the jury, and remanded for resentencing. (*See* ECF No. 29-14, *State v. Ross*, No. A-4762-06T4, WL 1974536.) Petitioner's certification with the New Jersey Supreme Court challenged the Appellate Division's ruling denying claims two and three on direct appeal but did not appeal the Appellate Division decision regarding the instant ground one. (ECF No. 29-15.) Petitioner failed to raise the instant ground on before every level of the New Jersey state courts. Moreover, Petitioner's reply brief to Respondents' answer concedes that ground one of his amended habeas petition is unexhausted. (ECF No. 44 at 7.)

The Petition is therefore mixed (i.e., it contains both exhausted and unexhausted claims), and federal district courts may not adjudicate mixed petitions. *See Rhines*, 544 U.S. at 273. Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. "[I]f a stay is not warranted, then the petitioner may elect to delete the unexhausted claims." *See Gould*, 2011 WL 6756920, at *3. "[I]f he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2)." *Id.* (internal citations omitted).

Petitioner's first ground for habeas relief is unexhausted and this is a mixed petition. Therefore, Petitioner shall be given forty-five (45) days from the date of this Memorandum Opinion to inform the Court whether he wishes to withdraw his unexhausted claim, ground one, or to request a stay pursuant to *Rhines* and return to state court to litigate these claims.

## V.  CONCLUSION

For the reasons above, the Court will permit Petitioner **within 45 days** to submit a signed writing in which he either (i) elects to withdraw his unexhausted claims and have the Court rule on his remaining claims; or (ii) request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claims. Any request by Petitioner for a stay pursuant to *Rhines* must include facts showing that he had good cause for his failure to exhaust; his unexhausted claims are potentially meritorious; and he did not engage in dilatory

tactics.[1] Failure to submit the signed writing within 45 days will result in a dismissal without prejudice of all of Petitioner's claim.

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 26, 2023

s/Peter G. Sheridan
PETER G. SHERIDAN, U.S.D.J.

---

[1] The Court makes no determination whether Petitioner will meet the requirements for a stay. However, the Court notes that Petitioner raised ground one on direct appeal to the Appellate Division and then abandoned the claim on appeal to the New Jersey Supreme Court. Therefore, it does not appear, based on the record before the Court, that Petitioner could show the good cause for failure to exhaust that is required under *Rhines*.