Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARTY ROSS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 17-3135 (PGS) |
| | : | |
| v. | : | **MEMORANDUM AND** |
| | : | |
| STEPHEN JOHNSON, et al. | : | **ORDER** |
| Respondents. | : | |

**<u>PETER G. SHERIDAN, U.S.D.J.</u>**

Petitioner Marty Ross ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Rahway, New Jersey, is proceeding *pro se* with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 38.) Presently before the Court is Petitioner's Motion for Stay so that he may exhaust one claim in state court (ECF No. 48), and Respondents' response to said Motion (ECF No. 49). For the reasons explained in this Memorandum and Order, the Court will grant the Motion for Stay.

By way of background, on January 19, 2021, Petitioner filed his instant amended habeas petition with this Court. (ECF No. 38.) On June 26, 2023, the Court filed an Opinion and Order, finding Petitioner's first ground for habeas relief unexhausted and his Petition a mixed-petition. (ECF No. 46.) The Court provided Petitioner with an opportunity to inform the Court whether he wished to withdraw

his unexhausted claim, ground one, or to request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and return to state court to litigate his unexhausted claim. (*See id.*)

Petitioner has now filed a motion for stay and abeyance pursuant to *Rhines*. (ECF No. 48.) Petitioner submits that he is requesting a stay so he can return to state court to exhaust his currently pending habeas claim. (*Id.*) Petitioner claims that his direct appeal attorney was ineffective in failing to bring ground one of his Petition to the New Jersey Supreme Court. (*Id.* at 2.)

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B).  *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984, 986-87 (3d Cir. 1993). A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

Recognizing the complexities that face prisoners who must exhaust state remedies while complying with the one-year statute of limitations period for § 2254 habeas petitions as set out in § 2244(d)(1), the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Third Circuit has stated that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154. The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

In light of the foregoing, the Court finds that the Petition should be stayed pending exhaustion of Petitioner's federal habeas claims, rather than dismissed as a mixed petition. The Court is unable to conclusively determine if there is good cause for Petitioner's failure to have already exhausted his claim, however, the exhaustion requirement is intended to allow state courts the first opportunity to pass upon

3

federal constitutional claims, in furtherance of the policies of comity and federalism. *See Cranberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509, 516-18 (1982). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *See Rose*, 455 U.S. at 519. Furthermore, the Court does not find ground one "plainly meritless" or that Petitioner is employing his state litigation as a means of delay. *Rhines*, 544 U.S. at 277–78. The Court, therefore, finds a stay is warranted.

For the reasons stated herein, and for good cause shown;

**IT IS** on this 12th day of December 2023,

**ORDERED** Petitioner's Motion to Stay (ECF No. 48) is **GRANTED**; and it is further

**ORDERED** Petitioner shall return to this Court by filing a request to reopen this action within 30 days after exhaustion of his state law claims; and it is further

**ORDERED** that, if Petitioner should fail to comply with the deadlines set forth in this Order, this Court may vacate this Order *nunc pro tunc* and dismiss all unexhausted claims without further notice; and it is further

**ORDERED** that nothing in this Order shall be construed as a finding as to the timeliness of any additional claims that may be asserted in any future petition or amended petition, *see Mayle v. Felix*, 545 U.S. 644 (2004); and it is further

5

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action.

<pre>
                                          s/<i>Peter G. Sheridan</i>
                                          PETER G. SHERIDAN, U.S.D.J.
December 12, 2023
</pre>